SHEPPARD, MULLIN, RICHTER & HAMPTON LLP
  A Limited Liability Partnership
  Including Professional Corporations
SHANNON Z. PETERSEN, Cal. Bar No. 211426
MARK G. RACKERS, Cal. Bar No. 254242
LISA S. YUN, Cal. Bar No. 280812
501 West Broadway, 19th Floor
San Diego, California 92101-3598
Telephone:  619.338.6500
Facsimile:   619.234.3815
E mail       spetersen@sheppardmullin.com
                mrackers@sheppardmullin.com
                lyun@sheppardmullin.com

Attorneys for Defendant
GREAT HEALTHWORKS, INC.

# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANNETTE HARRISON, individually and on behalf of all others similarly situated,<br><br>        Plaintiff,<br><br>   v.<br><br>GREAT HEALTHWORKS, INC., a Nevada corporation; and DOES 1-50, inclusive,<br><br>        Defendants. | Case No. **'17CV0705 JM   JLB**<br>(Removed from San Diego Superior Court, Case No. 37-2017-00008009-CU-MC-CTL)<br><br><u>CLASS ACTION</u><br><br>**GREAT HEALTHWORKS, INC.'S NOTICE OF REMOVAL OF ACTION PURSUANT TO 28 U.S.C. §§ 1441(a) & 1446**<br><br>Complaint Filed: March 6, 2017 |

**TO THE HONORABLE JUDGES OF THE UNITED STATES DISTRICT COURT FOR THE SOUTHERN DISTRICT OF CALIFORNIA, AND TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:**

**PLEASE TAKE NOTICE** that Defendant Great HealthWorks, Inc. ("GHW") contemporaneously with the filing of this Notice, hereby effects removal of the below-referenced action from the Superior Court of the State of California, County of San Diego, to the United States District Court for the Southern District of California. This action is removed pursuant to the procedures found in 28 U.S.C. § 1446, and removal jurisdiction is based on 28 U.S.C. § 1441(a) (federal question) and 11 U.S.C. § 1367 (supplemental jurisdiction).

## STATE COURT COMPLAINT

1. On March 6, 2017, Plaintiff Annette Harrison, ("Plaintiff") filed a class action complaint against Defendant GHW and Does 1-50, inclusive, in the Superior Court for the State of California, County of San Diego, Case No. 37-2017-00008009-CU-MC-CTL (the "Complaint"), entitled *Annette Harrison, individually and on behalf of all others similarly situation, v. Great HealthWorks, Inc., et al*.

2. Plaintiff served the Complaint and Summons on GHW on March 8, 2017. A copy of the Complaint and Summons are attached hereto as **Exhibit A**, which contains all of the documents served on GHW by Plaintiff and the entire state court file to date.

3. Plaintiff asserts the following causes of action in her Complaint: (1) violation of the Telephone Consumer Protection Act ("TCPA") under 47 U.S.C.

1 § 227 *et seq.*; and (2) violation of the California Invasion of Privacy Act under Cal. Penal Code § 632.7.  *See* Exhibit A.

4. Plaintiff purports to act on behalf of two putative classes: (1) the "TCPA Class" and the "Privacy Act Class."

5. The TCPA Class is defined as:

> All natural persons nationwide who, during the applicable limitations period, received a telephone call (including a text message) from Defendants that was (1) made to their cellular telephone and (2) initiated by Defendants using an artificial or prerecorded voice and/or an automatic telephone dialing system.  Excluded from the class are all employees of Defendants, all employees of Defendants' counsel, and all employees of Plaintiffs' counsel.

6. The Privacy Act Class is defined as:

> All natural persons who, while residing in and physically present in the State of California: (1) participated in at least one outbound telephone communication with a live representative of Defendants while on a cellular telephone that was recorded by Defendants; (2) were not notified by Defendants that the telephone communication was being recorded; and (3) are identifiable through records held by Defendants and/or third parties.  Excluded from the class are all employees of Defendants, all employees of Defendants' counsel, and all employees of Plaintiff's counsel."

7. GHW has not yet responded to Plaintiff's Complaint.

## REMOVAL IS PROPER BASED ON FEDERAL QUESTION JURISDICTION

8.  This Court has original federal question jurisdiction under 28 U.S.C. § 1331.

9.  Plaintiff asserts a cause of action based on the federal Telephone Consumer Protection Act, 47 U.S.C. section 227, *et seq*.  Accordingly, the Complaint is removable under federal question jurisdiction.  28 U.S.C. § 1441(a).

10.  Under 28 U.S.C. § 1367, this Court also has supplemental jurisdiction over Plaintiff's claim under California Penal Code § 632.7 because this claim arises out of the same operative facts as Plaintiff's claims under the TCPA and "form part of the same case or controversy under Article III of the United States Constitution."  28 U.S.C. § 1367(a).

## THIS NOTICE OF REMOVAL IS PROCEDURALLY PROPER

11.  In accordance with 28 U.S.C. 1446(a), all copies of papers filed in the State Court action as of the filing of this Notice of Removal are attached to this Notice.

12.  Pursuant to 28 U.S.C. 1446(b)(2)(B), GHW had 30 days from March 8, 2017—the date of service of the Complaint and Summons—to file its Notice of Removal, i.e. until April 7, 2017.  Thus, GHW's Notice of Removal is timely.

13. Venue in this Court is proper pursuant to 28 U.S.C. § 1446(a) because this action was removed from San Diego County Superior Court, located within the District and Division of the Court.

14. Pursuant to 28 U.S.C. § 1446(d), GHW is providing written notice to Plaintiff of the removal of this action.

15. Pursuant to 28 U.S.C. § 1446(d), a copy of this Notice of Removal is being filed with the Clerk of the Superior Court of the State of California, County of San Diego.

16. GHW is the only named defendant in this action. GHW is not required to investigate the identity of the unnamed defendants or to obtain their consent for removal. *See Newcombe v. Adolf Coors Co.*, 157 F.3d 686, 690-691 (9th Cir. 1998). In any event, no Doe defendant has been served. GHW is not required to obtain consent to remove from defendants who have not been served. *See* 28 U.S.C. § 1446(b); *Salveson v. Western States Bankcard Ass'n*, 731 F.2d 1423, 1429 (9th Cir. 1984).

## CONCLUSION

For all of the reasons set forth above, GHW removes the original action brought by Plaintiff in the Superior Court of the State of California for the County of San Diego to this Court.

1  Dated:  April 6, 2017

2                            SHEPPARD, MULLIN, RICHTER & HAMPTON LLP

3

4             By          *s/ Shannon Z. Petersen*
                              SHANNON Z. PETERSEN

5

6                             Attorneys for Defendant
                           GREAT HEALTHWORKS, INC.

7                   Email: spetersen@sheppardmullin.com

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

-6-

SMRH:481971318.1                                     NOTICE OF REMOVAL OF ACTION