# EXHIBIT A

# Part 1 Complaint

1  JAMES T. HANNINK (131747)
   jhannink@sdlaw.com
2  ZACH P. DOSTART (255071)
   zdostart@sdlaw.com
3  DOSTART HANNINK & COVENEY LLP
   4180 La Jolla Village Drive, Suite 530
4  La Jolla, California 92037-1474
   Tel: 858-623-4200
5  Fax: 858-623-4299

6  Attorneys for Plaintiff

**ELECTRONICALLY FILED**
Superior Court of California,
County of San Diego

**03/06/2017** at 03:55:39 PM

Clerk of the Superior Court
By Patrick Gonzaga, Deputy Clerk

SUPERIOR COURT OF THE STATE OF CALIFORNIA

COUNTY OF SAN DIEGO

| | |
|---|---|
| ANNETTE HARRISON, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>vs.<br><br>GREAT HEALTHWORKS, INC., a Florida corporation; and DOES 1-50, inclusive,<br><br>Defendants. | CASE NO. 37-2017-00008009-CU-MC-CTL<br><br>**CLASS ACTION COMPLAINT FOR VIOLATION OF:**<br><br>(1) **TELEPHONE CONSUMER PROTECTION ACT ("TCPA")** [47 U.S.C. § 227]<br><br>(2) **CALIFORNIA INVASION OF PRIVACY ACT** [Cal. Penal Code § 632.7]<br><br>**DEMAND FOR JURY TRIAL** |

CLASS ACTION COMPLAINT

## GENERAL ALLEGATIONS

1. Plaintiff Annette Harrison ("Plaintiff") is an individual residing in Sacramento County, California.

2. Plaintiff is informed and believes and thereon alleges that defendant Great Healthworks, Inc. is a Florida corporation that does business in San Diego, California.

3. Plaintiff does not know the names of the defendants sued as DOES 1 through 50 but will amend this complaint when that information becomes known. Plaintiff alleges on information and belief that each of the DOE defendants is affiliated with the named defendant in some respect and is in some manner responsible for the wrongdoing alleged herein, either as a direct participant, or as the principal, agent, successor, alter ego, or co-conspirator of another defendant. For ease of reference, Plaintiff will refer to the named defendant and the DOE defendants collectively as "Defendants."

4. Venue is proper in this judicial district because Defendants do business in this judicial district and Defendants have not designated a principal place of business in California.

5. This Court has jurisdiction of Plaintiff's TCPA claim pursuant to 47 U.S.C. §227(b)(3).

## TCPA — GENERAL ALLEGATIONS

6. During the relevant limitations period, Plaintiff saw an advertisement on television for Defendants' product, Omega XL. After watching the television advertisement, Plaintiff called the telephone number listed in the advertisement and ordered Omega XL from Defendants. After receiving Omega XL, Plaintiff was dissatisfied with the product, and called Defendants to obtain instructions on how to return it. Defendants' customer service representative encouraged Plaintiff to keep the product or obtain a substitute product, but Plaintiff declined Defendants' representative's requests. Eventually, Plaintiff was told she could return the product. Thereafter, Defendants began to place telephone calls to Plaintiff's cellular telephone to attempt to sell Plaintiff additional products. Plaintiff received multiple calls from Defendants on her cellular telephone, all of which invaded Plaintiffs' privacy, consumed Plaintiff's cell phone battery, caused Plaintiff annoyance and disturbance, and wasted her time.

7. Plaintiff is informed and believes and thereon alleges that the telephone calls to Plaintiff's cellular telephone were initiated by Defendants for the purposes of informing Plaintiff about the commercial availability of Defendants' products and encouraging Plaintiff to purchase those products. As such, the calls constituted "advertisements" as defined in 47 C.F.R. § 64.1200(f)(1) and "telemarketing" as defined in 47 C.F.R. § 64.1200(f)(12).

8. Within the telemarketing industry, it is common for telemarketers such as Defendants to utilize equipment to automate the step of telephone dialing. *See In the Matter of Rules and Regulations Implementing the Tel. Consumer Prot. Act of 1991*, 18 FCC Rcd. 14014, 14022 (July 3, 2003) ("2003 FCC Order"). Use of such technology enables telemarketing employees to devote more time to selling rather than dialing phone numbers. Such technology can include equipment that has the capacity to store or produce telephone numbers to be called, using a random or sequential number generator, and to dial such numbers, and/or equipment that stores pre-programmed numbers or receives numbers from a computer database and then, for the sake of efficiency, dials those numbers in a manner that predicts the time when the called party will answer the phone and a telemarketer will be available to take the call (a "predictive dialer"). *See id.* at 14022, n.31, 14090-91. In either case, the basic function of such equipment is to dial numbers without human intervention, and a predictive dialer falls within the meaning and statutory definition of "automatic telephone dialing system" as set forth in 47 U.S.C. § 227(a)(1). *Id.* at 14091-93.

9. Additionally, on a website that contains customer reviews of Defendants, one individual submitted a review entitled "Great Healthworks – Auto Dialer." *See* Exhibit 1. The reviewer states that "auto dialed" calls were placed by Defendants to them despite that fact that they have a "telemarketer block" on their phone number. Defendants responded to the review and stated, "We're sorry for the difficult experience you had with automatic calls. We use such calls to instruct customers who are confused or uncertain about proper use of our product. This has been corrected and you should not receive additional calls." *See id.*

10. Based on the foregoing, Plaintiff is informed and believes and thereon alleges that the calls Plaintiff received on her cellular telephone were initiated by Defendants using equipment

1  that has the capacity to store or produce telephone numbers to be called, using a random or
2  sequential number generator, and to dial such numbers, and/or a predictive dialer, such that the
3  call was initiated using an automatic telephone dialing system within the meaning of 47 U.S.C.
4  § 227(a)(1).

5      11.    Defendants did not obtain Plaintiff's prior express written consent before placing
6  the call to Plaintiff's cellular telephone. Accordingly, the call was placed by Defendants in
7  violation of 47 U.S.C. § 227(b)(1) and 47 C.F.R. § 64.1200(a)(2).

## PRIVACY ACT — GENERAL ALLEGATIONS

9      12.    While Plaintiff resided in and was physically present in the State of California,
10 Plaintiff received telephone calls from Defendants during which Plaintiff spoke with a live
11 representative of Defendants. Plaintiff alleges on information and belief that Defendants secretly
12 recorded the communications. Defendants did not notify Plaintiff that they were recording the
13 communications, nor did Defendants obtain Plaintiff's consent.

14     13.    Plaintiff alleges on information and belief that Defendants routinely recorded
15 telephone calls placed to customers who resided in and were physically present in the State of
16 California without notifying the customers that the communications were being recorded.

17     14.    California Penal Code § 632.7 prohibits the recording of any communication
18 without the consent of all parties where one of the parties to the communication is using a cellular
19 telephone.

## CLASS ACTION ALLEGATIONS

21     15.    Plaintiff brings this lawsuit as a class action under Code of Civil Procedure section
22 382. Plaintiff seeks to represent two classes: the "TCPA Class" and the "Privacy Act Class."

23     16.    The TCPA Class is defined as follows: "All natural persons nationwide who,
24 during the applicable limitations period, received a telephone call (including a text message) from
25 Defendants that was (1) made to their cellular telephone and (2) initiated by Defendants using an
26 artificial or prerecorded voice and/or an automatic telephone dialing system. Excluded from the
27 class are all employees of Defendants, all employees of Defendants' counsel, and all employees of
28 Plaintiffs' counsel."

17. The Privacy Act Class is defined as follows: "All natural persons who, while residing in and physically present in the State of California: (1) participated in at least one outbound telephone communication with a live representative of Defendants while on a cellular telephone that was recorded by Defendants; (2) were not notified by Defendants that the telephone communication was being recorded; and (3) are identifiable through records held by Defendants and/or third parties. Excluded from the class are all employees of Defendants, all employees of Defendants' counsel, and all employees of Plaintiff's counsel."

18. <u>Ascertainability.</u> The members of the TCPA Class and the Privacy Act Class may be ascertained by reviewing records in the possession of Defendants and/or third parties, including without limitation Defendants' call records, customer records, call lists, and audio recordings.

19. <u>Common Questions of Fact or Law.</u> There are questions of fact or law that are common to the TCPA Class and the Privacy Act Class which predominate over individual issues. Common questions regarding the TCPA Class include, without limitation: (1) Defendants' policies and procedures for obtaining prior express written consent from customers to place telephone calls to their cellular telephones; (2) what type of telephone dialing system Defendants used to initiate calls (and text messages) to cellular telephones; (3) whether Defendants initiated calls to cellular telephones using an artificial or prerecorded voice; (4) whether Defendants' telephone calls constitute "advertisements" as defined in 47 C.F.R. § 64.1200(f)(1) and/or "telemarketing" as defined in 47 C.F.R. § 64.1200(f)(12); (5) Defendants' record-keeping practices; and (6) the appropriate remedies for Defendants' conduct. Common questions regarding the Privacy Act Class include, without limitation: (1) Defendants' policies and procedures for recording telephone communications with customers in California; (2) whether Defendants notify customers that outbound telephone calls from defendants are recorded; (3) whether Defendants' conduct constitutes a violation of Cal. Penal Code § 630 *et seq.*, including without limitation § 632.7; (4) Defendants' record-keeping practices; and (5) the appropriate remedies for Defendants' conduct.

20. <u>Numerosity.</u> The TCPA Class and the Privacy Act Class are so numerous that joinder of all TCPA Class or Privacy Act members would be impracticable. Plaintiff is informed

1 and believes and thereon alleges that each class consists of at least 25 members.

21. **Typicality and Adequacy.** Plaintiff's claims are typical of the claims of the members of both classes. Plaintiff alleges on information and belief that other TCPA Class members also received one or more telemarketing calls to their cellular telephones that were initiated by Defendants using an automatic telephone dialing system and/or an artificial or prerecorded voice, without first providing prior express written consent to receive such calls. Plaintiff has no interests that are adverse to those of the other TCPA Class members. Plaintiff will fairly and adequately protect the interests of the TCPA Class members. Plaintiff alleges on information and belief that other Privacy Act Class members also participated in one or more telephone calls received from Defendants, which communications were secretly recorded by Defendants. Plaintiff has no interests that are adverse to those of the other Privacy Act Class members. Plaintiff will fairly and adequately protect the interests of the Privacy Act Class members.

22. **Superiority.** A class action is superior to other methods for resolving this controversy. Because the damages suffered by each TCPA Class and Privacy Act Class member are low, the expense and burden of individual litigation would make it impracticable for members of each class to redress the wrongs done to them. Furthermore, on information and belief, Privacy Act Class members do not know that their rights have been violated. Class certification would also conserve judicial resources and avoid the possibility of inconsistent judgments.

## FIRST CAUSE OF ACTION

(Violation of the Telephone Consumer Protection Act, 47 U.S.C. § 227)

23. Plaintiff incorporates by reference paragraphs 1-11 and 15-22 as if set forth herein.

24. Plaintiff is informed and believes and thereon alleges that, within the limitations period, and without first obtaining the prior express written consent of Plaintiff or the TCPA Class members, Defendants initiated telephone calls to Plaintiff's and TCPA Class members' cellular telephones using an automatic telephone dialing system and/or an artificial or prerecorded voice, in violation of 47 U.S.C. § 227(b) and 47 C.F.R. § 64.1200(a)(2).

25. Plaintiff is informed and believes and thereon alleges that the telephone calls were initiated by Defendants for the purposes of informing Plaintiff and TCPA Class members about the commercial availability of Defendants' products and encouraging Plaintiff and TCPA Class members to purchase those products. As such, each call constituted an "advertisement" as defined in 47 C.F.R. § 64.1200(f)(1) and "telemarketing" as defined in 47 C.F.R. § 64.1200(f)(12).

26. Plaintiff is informed and believes and thereon alleges that the telephone calls to plaintiff's and TCPA Class members' cellular telephones were made by Defendants knowingly and willfully.

27. As a result of Defendants' conduct, Plaintiff and the TCPA Class members are entitled to injunctive relief pursuant to 47 U.S.C. § 227(b)(3)(A) and statutory damages of at least $500 per violation and up to $1,500 per violation pursuant to 47 U.S.C. § 227(b)(3).

## SECOND CAUSE OF ACTION

(Violation of Cal. Penal Code § 632.7)

28. Plaintiff incorporates by reference paragraphs 1-5 and 12-22 as if set forth herein.

29. Plaintiff alleges on information and belief that Plaintiff and the Privacy Act Class members, while residing in and physically present in the State of California, received outbound telephone calls from Defendants and participated in telephone communications with a live representative of Defendants, which communications were recorded by Defendants without the consent of Plaintiff and the Class members. Defendants did not notify Plaintiff and the Privacy Act Class members that the outbound communications were being recorded.

30. Cal. Penal Code § 632.7 prohibits the intentional recording of a communication without the consent of all parties where at least one of the parties to the communication is using a cellular telephone. Defendants violated § 632.7 by intentionally recording the communications with Plaintiff and other Privacy Act Class members without obtaining their consent.

31. Plaintiff alleges that the statute of limitations for this Privacy Act claim has been tolled pursuant to the discovery rule. *Montalti v. Catanzariti*, 191 Cal. App. 3d 96, 99-100 (1987). Because the recording and/or monitoring was surreptitious, Plaintiff and Privacy Act Class members did not know about, and could not reasonably have discovered, Defendants' unlawful

practices.

32. As a result of Defendants' conduct, Plaintiff and the Privacy Act Class members have been injured. Accordingly, Plaintiff and the Privacy Act Class members are entitled to statutory damages of $5,000 per recorded communication pursuant to Cal. Penal Code § 637.2(a), and injunctive relief to halt the secret recording of communications pursuant to Cal. Penal Code § 637.2(b).

## PRAYER

WHEREFORE, Plaintiff prays for judgment against Defendants as follows:

1. For statutory damages as alleged herein;
2. For injunctive relief as alleged herein;
3. For reasonable attorneys' fees;
4. For costs of suit;
5. For pre-judgment interest; and
6. For such other relief that the Court deems proper.

Dated: March 6, 2017                DOSTART HANNINK & COVENEY LLP

_____
ZACH P. DOSTART
Attorneys for Plaintiff

## DEMAND FOR JURY TRIAL

Plaintiff hereby demands trial by jury on all claims so triable.

Dated: March 6, 2017                DOSTART HANNINK & COVENEY LLP

_____
ZACH P. DOSTART
Attorneys for Plaintiff

800632.2

Exhibit 1

# Great Healthworks's reply to: Great Healthworks - Auto Dialer

Sep 29, 2013   226 views   1 comment

## Great Healthworks' reply:

We're sorry for the difficult experience you had with automatic calls. We use such calls to instruct customers who are confused or uncertain about proper use of our product. This has been corrected and you should not receive additional calls.

**Hide the review** ∧

I ordered the Omega XL. Everything arrived just as promised.

I called to cancel and got the runaround. They want to suspend my next month's order so I can get the full benefit of this order. They'll reduce the payments. Blah, blah, blah.

The next thing I know I start getting auto dialed from 954-905-2272 telling me to watch the dvd supplied with the first order so I will know how to get the best benefits and to then call them at the customer service number. I get this EVERY DAY! I have a Telemarketer Block on my number phone yet they repeatedly go through it. I have nicely asked to be removed.

I have not so nicely asked to be removed. I called their customer service center and was told "Ma'am, we don't have any auto dialer." THE *** THEY DON'T! I DEMANDED A CALL FROM A SUPERVISOR AND WAS TOLD THEY DIDN'T HAVE ONE AVAILABLE.

I WILL FILE A COMPLAINT WITH THE FCC. THEY ARE VIOLATING FEDERAL LAW.

This review is a subjective opinion of a user.

## More Review Details

Product or service
Omega XI Order

Review category
Health and Beauty



review #450018 by LeissaW

| Share | | Helpful? | No | 0 | Yes | 6 |
|---|---|---|---|---|---|---|
| ✓ | 1 | | ✓ | 0 | ✓ | 6 |

Had the same issue   Yes   0
✓   0

Show comments ∨ 1

## You May Also Like



"I started AdvoCare Jan 1 went thru the cleanse part. Wasnt getting the energy people were talking about. Than I started the second phase was three days into it than wam I..."



## Great Healthworks Reviews

Great Healthworks - OMEGA IS XL IS A SCAM, CURRENT SALES PERSON TELLS ALL!!!

Great Healthworks - Review in Health and Beauty category from Chattanooga, Tennessee

Great Healthworks Omega Xl Pills Review from Saint Louis, Missouri

Great Healthworks - OMEGAXL --ONE OF THE BEST MEDICINES. IT IS NOT ALL I NEED @ TIMES

Great Healthworks - Not allowing customer to cancel or stop ordering

## Top Rated Great Healthworks Reviews

Great Healthworks - OMEGA IS XL IS A SCAM, CURRENT SALES PERSON TELLS ALL!!!

Great Healthworks - Omega XL has helped me in two different ways

Great Healthworks - It has helped me tremendously

Great Healthworks - Omega XL is absolutely spectacular

Great Healthworks - Small but potent

SUM-100

# SUMMONS
## (CITACION JUDICIAL)

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*
GREAT HEALTHWORKS, INC., a Florida Corporation, and DOES 1-50, inclusive

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*
ANNETTE HARRISON, individually and on behalf of all others similarly situated

**FOR COURT USE ONLY**
*(SOLO PARA USO DE LA CORTE)*

**ELECTRONICALLY FILED**
Superior Court of California,
County of San Diego

**03/06/2017** at 03:55:39 PM

Clerk of the Superior Court
By Patrick Gonzaga, Deputy Clerk

---

**NOTICE!** You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (www.lawhelpcalifornia.org), the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), or by contacting your local court or county bar association. NOTE: The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

---

**The name and address of the court is:**
*(El nombre y dirección de la corte es):*
San Diego Superior Court
Central - Hall of Justice
330 West Broadway
San Diego, CA 92101

**CASE NUMBER:**
*(Número del Caso):* 37-2017-00008009-CU-MC-CTL

**The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:**
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
James T. Hannink (131747) / Zach P. Dostart (255071)
DOSTART HANNINK & COVENEY, LLP, 4180 La Jolla Village Dr., Ste. 530, La Jolla, CA 92037
Tel: (858) 623-4200   Fax: (858) 623-4299

| DATE: *(Fecha)* 03/07/2017 | Clerk, by *(Secretario)* P. Gonzaga | , Deputy *(Adjunto)* |
|---|---|---|

(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)
*(Para prueba de entrega de esta citación use el formulario Proof of Service of Summons, (POS-010)).*

[SEAL]

**NOTICE TO THE PERSON SERVED:** You are served
1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify):*
3. ☐ on behalf of *(specify):*
   under: ☐ CCP 416.10 (corporation)      ☐ CCP 416.60 (minor)
          ☐ CCP 416.20 (defunct corporation) ☐ CCP 416.70 (conservatee)
          ☐ CCP 416.40 (association or partnership) ☐ CCP 416.90 (authorized person)
          ☐ other *(specify):*
4. ☐ by personal delivery on *(date):*

Page 1 of 1

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev. July 1, 2009]

**SUMMONS**

American LegalNet, Inc.
www.FormsWorkflow.com

Code of Civil Procedure §§ 412.20, 465
www.courtinfo.ca.gov