# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

ANNETTE HARRISON, individually and on behalf of all others similarly situated,

Plaintiff,

v.

GREAT HEALTHWORKS, INC., a Nevada corporation; and DOES 1–50, inclusive,

Defendant.

Case No.: 17cv705 JM (JLB)

**ORDER DENYING DEFENDANT'S MOTION TO DISMISS PLAINTIFF'S COMPLAINT**

Defendant Great HealthWorks, Inc. ("GHW") moves the court to dismiss the complaint of Plaintiff Annette Harrison for failure to state a claim. (Doc. No. 7.) Plaintiff opposes the motion. The court finds the matter suitable for decision without oral argument pursuant to Civil Local Rule 7.1(d)(1) and, for the following reasons, denies GHW's motion.

## BACKGROUND

On March 6, 2017, Plaintiff filed a class action complaint in San Diego Superior Court against GHW alleging two causes of action: (1) violation of the federal Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227 et seq., and (2) violation of the California Invasion of Privacy Act ("CIPA"), Cal. Penal Code § 632.7. (See Doc. No. 1-

1

2 at 2.)  The thrust of the complaint is that GHW used an auto-dialer to call Plaintiff on her cell phone, without her consent, for the purpose of selling her health supplements (the TCPA violation) and recorded those calls, again without her consent (the CIPA violation).  For the alleged TCPA violation, Plaintiff seeks a statutory penalty of $500 to $1,500 per call on behalf of herself and a putative nationwide class.  For the CIPA violation, she seeks a statutory penalty of $5,000 for each recorded call on behalf of herself and a putative California-wide class.

GHW removed the case to this court on April 6, 2017, and filed the instant motion approximately three weeks later.

## LEGAL STANDARDS

A motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) challenges the legal sufficiency of the pleadings.  To overcome such a motion, the complaint must contain "enough facts to state a claim to relief that is plausible on its face."  Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007).  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009).  Facts merely consistent with a defendant's liability are insufficient to survive a motion to dismiss because they establish only that the allegations are possible rather than plausible.  Id. at 678–79.  The court must accept as true the facts alleged in a well-pled complaint, but mere legal conclusions are not entitled to an assumption of truth.  Id.  The court must construe the pleading in the light most favorable to the non-moving party.  Concha v. London, 62 F.3d 1493, 1500 (9th Cir. 1995).

## DISCUSSION

The court will address each of Plaintiff's two causes of action in turn.

**A.  First Cause of Action: Violation of TCPA**

The TCPA generally prohibits using automatic dialing systems to make nonemergency, unsolicited calls advertising property, goods, or services.  47 U.S.C. § 227(b).  As provided in 47 C.F.R. § 64.1200, the TCPA's exception for emergency

calls includes "calls made necessary in any situation affecting the health and safety of consumers."

GHW offers only one argument for dismissing this cause of action: that "the calls to Plaintiff served an emergency purpose because they related to her 'health and safety.'" As GHW well knows, however, the court cannot simply accept that assertion as true at this stage in the proceedings.[1] Instead, the court must accept as true the facts alleged in the complaint. Iqbal, 556 U.S. at 678–79. And in the complaint, Plaintiff alleges that the calls by GHW were an "attempt to sell Plaintiff additional products." (Doc. No. 1-2 at 3, ¶ 6.) Consequently, the court denies GHW's motion to dismiss the first cause of action.

### B. Second Cause of Action: Violation of CIPA

Section 632.7 of CIPA imposes liability on anyone who, "without the consent of all parties to a communication, intercepts or receives and intentionally records . . . a communication transmitted between two cellular radio telephones, a cellular radio telephone and a landline telephone, two cordless telephones, a cordless telephone and a landline telephone, or a cordless telephone and a cellular radio telephone . . . ." Cal. Penal Code § 632.7(a).

GHW first contends that Plaintiff cannot state a claim under CIPA because she consented to the recording and "consent is a complete defense to a Section 632.7 claim." (Doc. No. 7-1 at 8.) GHW argues that "because GHW's customer service line at 1-800-609-1656 is publicly available, and its opening message to callers can be readily confirmed," the court should take judicial notice of the message Plaintiff purportedly received when she originally called GHW to purchase supplements—"your call may be monitored or recorded"—and, based on that message, determine that Plaintiff consented to the recording. (Id. at 8–9.)

---

[1] GHW also cites Exhibit 1 to the complaint—an anonymous online review describing GHW's use of an auto-dialer—in an attempt to support its argument that GHW's calls to Plaintiff were necessary, emergency calls. Needless to say, the court is not convinced.

As an initial matter, the court notes that even if that message now plays when callers dial that number, there is no way to readily ascertain whether that message played at the time Plaintiff called GHW. But more importantly, that cavalier argument demonstrates an apparent lack of understanding of the well-pled facts buttressing Plaintiff's claims. Plaintiff's original call to GHW is not the basis of the complaint. Rather, as paragraph 6 makes clear, the basis of the complaint is GHW's later calls to Plaintiff. (See Doc. No. 1-2 at 3, ¶ 6 ("Thereafter, Defendants began to place telephone calls to Plaintiff . . . ."); see also id. at 5, ¶ 12 ("Plaintiff received telephone calls from Defendants during which . . . Defendants secretly recorded the communications. Defendants did not notify Plaintiff that they were recording the communications, nor did Defendants obtain Plaintiff's consent.").) Thus, at this juncture, it does not matter whether Plaintiff consented to GHW recording her original call.[2]

Next, GHW spends three pages of its motion arguing that Plaintiff's section 632.7 claim fails because the calls were not confidential. (Doc. No. 7-1 at 9–11.) But section 632.7, unlike section 632, does not contain a confidentiality requirement. See Cal. Penal Code § 632.7; Flanagan v. Flanagan, 27 Cal. 4th 766, 775–76 (2002); Hataishi v. First Am. Home Buyers Prot. Corp., 223 Cal. App. 4th 1454, 1469 (2014). As such, GHW's reliance upon cases that cite section 632 and its own citation to section 632(c) is misdirected and unhelpful to the court's analysis.

Finally, GHW argues that Plaintiff's CIPA cause of action is time barred. As part of this argument, GHW objects to Plaintiff's allegation that the statute of limitations on this claim "has been tolled pursuant to the discovery rule." (See Doc. No. 1-2 at 8, ¶ 31.)

---

[2] In its reply brief, GHW argues for the first time that Plaintiff consented to the calls based on terms and conditions included on GHW's website. That argument comes too late, see Zamani v. Carnes, 491 F.3d 990, 997 (9th Cir. 2007) ("The district court need not consider arguments raised for the first time in a reply brief."), especially considering that GHW would like to have the last word on the matter, (see Doc. No. 7 at 2 ("Please note there will be no oral argument unless requested by the Court.")).

4

GHW characterizes that allegation as "implicitly conceding the call was recorded more than one year prior to filing the complaint." (Doc. No. 7-1 at 13 (emphasis added).)[3]

True, the complaint lacks detail. Plaintiff simply alleges that the conduct occurred "[d]uring the relevant limitations period," (Doc. No. 1-2 at 3, ¶ 6), and furthermore that, "[b]ecause the recording and/or monitoring was surreptitious, Plaintiff and Privacy Act Class members did not know about, and could not reasonably have discovered," GHW's practices, (id. at 8, ¶ 31). But the fact of the matter is that a "claim may be dismissed as untimely pursuant to a 12(b)(6) motion only when the running of the statute of limitations is apparent on the face of the complaint." United States ex rel. Air Control Techs., Inc. v. Pre Con Indus., Inc., 720 F.3d 1174, 1178 (9th Cir. 2013) (internal quotations and alteration omitted). That is not the case here.

Moreover, with respect to whether the limitations period was tolled, a "motion to dismiss based on the running of the statute of limitations period may be granted only if the assertions of the complaint, read with the required liberality, would not permit the plaintiff to prove that the statute was tolled." Supermail Cargo, Inc. v. United States, 68 F.3d 1204, 1206 (9th Cir. 1995). That is also not the case here. See id. at 1207 ("[W]e have reversed dismissals where the applicability of the equitable tolling doctrine depended upon factual questions not clearly resolved in the pleadings."). And although GHW argues in its reply brief that "a plaintiff 'must specifically plead facts to show (1) the time and manner of discovery and (2) the inability to have made earlier discovery despite reasonable diligence,'" (Doc. No. 9 at 6 (quoting Fox v. Ethicon Endo-Surgery, Inc., 35 Cal. 4th 797, 808 (2005)), that is simply another misleading citation. The full quote from Fox reads, "a plaintiff whose complaint shows on its face that his claim would be barred without the benefit of the discovery rule must specifically plead . . . ." 35 Cal.

---

[3] As is evident from the underlined portion of the quote, GHW again wrongly focuses on Plaintiff's call to GHW. (See also Doc. No. 7-1 at 12 ("In fact, Plaintiff deliberately fails to allege when her call was recorded, or even when she first ordered Omega XL from GHW.").)

4th at 808 (emphasis added and internal alteration omitted). Here, as stated above, Plaintiff's complaint does not show on its face that her claim would be barred absent tolling. Consequently, the quoted portion of Fox does not apply.

In short, the complaint gives "fair notice" of the claim being asserted and the "grounds upon which it rests," Twombly, 550 U.S. at 555, and provides "enough facts to state a claim to relief that is plausible on its face," id. at 570. The court declines to dismiss the CIPA claim as time barred.

## CONCLUSION

For the foregoing reasons, the court denies GHW's motion to dismiss. GHW has fourteen days from the date of this order to answer the complaint.

IT IS SO ORDERED.

DATED: June 13, 2017

JEFFREY T. MILLER
United States District Judge